Brennan, J.
Aggrieved by the decision of the trial court, Mack Trucks, Inc. has appealed this matter in accordance with District/Municipal Courts Rules for Appellate Division Appeal.
Background. The facts necessary for an understanding of this matter are as follows: Timothy Andre (hereinafter, the Plaintiff) was a truck driver employed as an independent owner/operator of a Mack truck, which he had purchased in Rhode Island in 1988. Over the years the plaintiff had his truck serviced by Springfield Mack (Defendant, Plaintiff in Cross Claim and Appellee). In August 1992 Plaintiff ordered a re-manufactured injection pump through Springfield Mack. In December 1992 Plaintiff brought his truck to Springfield Mack for service and at that time they installed the re-manufactured injection pump. After the repairs were concluded the Plaintiff picked up his truck and immediately noticed an excessive amount of smoke emitting from the truck. Plaintiff returned the truck to Springfield Mack where they performed a series of diagnostic tests in order to determine the cause of the smoke. Eventually the re-manufactured pump was removed and the original pump was re-installed, but the truck continued to smoke. In the course of the diagnostic tests metal particles were found in the injection pump, in the bowls of the piston area, in the fuel filters and in the fuel tank. Thereafter, the re-manufactured pump was sent to Northeast Diesel, where they discovered that there were brass particles throughout the pump assembly. It was cleaned and replaced into plaintiffs truck, but the smoking problem persisted. Eventually, through a series of adjustments to the timing on the engine the engine began functioning properly.
Springfield Mack submitted warranty claims to Mack Trucks, Inc. for the work performed on the Plaintiffs vehicle. Springfield Mack submitted a warranty claim for $13,196.00, which was paid by Mack on April 21,1993. Although Mack Trucks, Inc. paid the warranty claims, two months later they revoked the payment. The reason stated for revoking the payment was Mack’s assertion that no fault was found with the re-manufactured pump. Springfield Mack asserts that they were following instructions from Mack Trucks, Inc., in all of their repairs to the Plaintiffs truck. Springfield Mack is an authorized distributor for Mack Trucks, Inc. and Mack provided warranty service for Springfield Mack pursuant to their contractual agreements.
*4 After trial, the Court dismissed plaintiffs case against Mack Trucks, Inc. stating that it had not been proved by a fair preponderance of the evidence that the difficulties with plaintiffs truck were as a result of a defective pump. However, the Court found that
After hearing all the evidence I find that it has not been proven by a preponderance of the evidence that the problems that the plaintiff was experiencing with the pump in his Mack truck was as a result of a defective pump for which Mack would have been responsible to Springfield or the Plaintiff. However, there was work performed by Springfield supplied by Mack done on the re-manufactured pump which was authorized by Mack pursuant to a warranty contract between Springfield as distributor and Mack as company for which Springfield has not been compensated (initially paid but then charged back after 60 days) and for which Mack is liable to Springfield in the amount of $13,196.
The issues presented for review are as follows:
1. Was the Court’s award to Springfield Mack consistent with the theory of liability and with the evidence presented at trial?
2. Was the Court’s ruling legally sustainable under G.L.c. 93B, §6?
3. Was Mack Trucks, Inc. liable for warranty work alleged to have been performed on a pump that was determined not to be faulty?
It is clear that the Court found that there was a breach of contract by Mack Trucks, Inc. The Court did not order Mack Trucks, Inc. to indemnify or contribute to Springfield Mack under a negligence theory. The Court’s ruling is consistent with Springfield Mack’s theory of liability and is supported by the evidence submitted at trial.
Mack Trucks, Inc. further argues that if the Court’s award was based on G.L.c. 93B, §5B it was not legally sustainable. G.L.c. 93B, §5B provides that
Every manufacturer, distributor, wholesaler ... shall within a reasonable time fulfill its obligations under all express warranty agreements made by them with respect to any product manufactured, distributed or sold by them and shall adequately and fairly compensate any motor vehicle dealers who, in accordance with its franchise obligations, fhrnishes labor and materials pursuant to such warranty obligations.... [A]ll claims made by motor vehicle dealers thereunder and under section five for such labor and materials shall be paid within thirty days following their approval. All such claims shall be either approved or disapproved within thirty days after their receipt, and when any such claim is disapproved the motor vehicle dealer who submits it shall be notified in writing of its disapproval within said period....
In this case Mack Trucks, Inc. actually paid Springfield Mack for the work done on Plaintiff’s truck. Several months later, however, Mack debited Springfield’s account for the amount of the previously paid repairs. In justifying this action Mack Trucks, Inc., cited that no fault had been found with the re-manufactured pump. The Court found that regardless of the quality of the re-manufactured pump, Springfield Mack was entitled to recover for the work that had been performed pursuant to the distributorship agreement.
There is no inconsistency in the findings of the trial court and the judgment is affirmed. The appeal is dismissed.